**JUDGE RAKOFF**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

HIGHLINE CAPITAL MANAGEMENT, LLC,      :

                  Plaintiff,      :

         - against -      :

HIGHLINER INVESTMENT GROUP, LLC f/k/a      :
HIGHLINER CAPITAL MANAGEMENT, LLC
and ANAND PAREKH,      :

               Defendants.      :

     :
-------------------------------------------------------------------- x



08 CV 1979

Action No.

ECF CASE

**COMPLAINT**

**JURY TRIAL DEMANDED**

FEB 2 8 2008

U.S.D.C. ....N.Y.

CASHIERS

Plaintiff, Highline Capital Management, LLC. ("Plaintiff" or "Highline"), by its attorneys,

Tannenbaum Helpern Syracuse & Hirschtritt LLP, for its Complaint herein alleges:

### Nature of the Action

1. Highline is a well-established investment management company specializing in the

management of private investment funds. Since July 1995, Highline has used its federally

registered trademark HIGHLINE® to identify the private investment fund management services it

provides and, through substantial effort, its HIGHLINE mark has developed substantial and

valuable goodwill. Highline has recently learned that defendant Highliner Investment Group,

LLC, originally formed as Highliner Capital Management, LLC ("Highliner") and its principal,

defendant Anand Parekh ("Parekh"), have formed a new private investment fund management

company and have begun to offer their private investment fund management services under the

confusingly similar trademark HIGHLINER.

2.   Accordingly, to protect the goodwill associated with its trademark from infringement and dilution, and to protect its trademark rights, Highline has commenced this action for (a) infringement of a federally registered trademark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114, (b) trademark infringement and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (c) use of deceptive acts or practices in the conduct of business, trade or commerce or the furnishing of services in violation of New York General Business Law § 349, (d) trademark infringement and unfair competition in violation of common law, and (e) trademark dilution and injury to business reputation in violation of New York General Business Law § 360-*l*.

## The Parties

3.      Highline is a Delaware limited liability company having its principal place of business at One Rockefeller Plaza, 30th Floor, New York, New York  10020.

4.      Upon information and belief, defendant Highliner is a Delaware limited liability company, with its principal place of business at 222 South Riverside Drive, Suite 2297, Chicago, Illinois  60606.  Upon information and belief, Highliner was formed on or about October 15, 2007 as Highliner Capital Management, LLC and changed its name to Highliner Investment Group, LLC on or about January 22, 2008.

5.      Upon information and belief, defendant Anand Parekh ("Parekh" and, together with Highliner, "Defendants") is a citizen of Illinois residing and/or having a place of business at 333 North Canal Street, Apt. 3702, Chicago, Illinois  60606.

## Jurisdiction

6.   This action arises, *inter alia,* under the Trademark Act of July 5, 1946, as amended, 15 U.S.C. §§ 1051 *et seq.*, known as the Lanham Act.

[825150-1]

7.  This Court has jurisdiction of this action pursuant to § 39(a) of the Lanham Act, 15 U.S.C. § 1121(a); 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

## FIRST CLAIM FOR RELIEF

### Infringement of Registered Trademark

**Plaintiff's Business and Marks**

8.  Highline engages in the business of investment fund management through, *inter alia,* offering qualified investors opportunities to invest in private investment funds.

9.  Highline's customers include U.S. and non-U.S. individuals and institutional investors.  Highline has customers throughout the United States, including in the Southern District of New York, and in a number of other countries.

10. Highline is the owner of all right, title and interest, in the federally registered trademark HIGHLINE for financial services in the nature of investment fund management, which it uses in connection with its investment fund management business.  The trademark HIGHLINE is registered with the United States Patent & Trademark Office under Registration No. 2,502,179.  A copy of the certificate of registration is annexed as Exhibit A.

11. Highline has used the mark HIGHLINE in interstate commerce since at least July 31, 1995 in connection with both its investment fund management services and its management and operation of the investment funds it operates, Highline Capital Partners, L.P., Highline Capital Partners QP, LP, Highline Capital International, Ltd., Highline Select, L.P., and Highline Select, Ltd., and has used the trade name and company name "Highline Capital Management" for at least the same period.  Highline has also used its HIGHLINE mark as the dominant element of the names of its affiliated companies Highline Capital Holdings, L.L.C. and Highline Offshore Advisors, L.L.C.

12. By virtue of having been in continuous use for more than five consecutive years subsequent to the date of registration and Highline's compliance with the provisions of § 15 of the Lanham Act, the mark HIGHLINE has become incontestable within the meaning of said section, and HIGHLINE has the exclusive right to use said mark throughout the United States.

13. Highline has also used its HIGHLINE mark as part of the Internet domain name "highlinecap.com," which it also owns, identifying its Internet web site located at www.highlinecap.com.

14. As a result of substantial time and effort, and long and substantial use of the mark HIGHLINE, Highline has developed substantial recognition for its services and the investment funds it manages under the mark HIGHLINE, which has acquired and now enjoys a valuable reputation and goodwill associated with said mark.

**Defendants' Activities**

15. Defendant Parekh is, upon information and belief, a financial funds manager who has recently formed Highliner and is offering, or plans to offer, private investment fund management services through Highliner using the trademark HIGHLINER.

16. In September 2007, Parekh secured the Internet domain name "highlinercapital.com," which he currently owns.

17. In mid-October 2007, Parekh formed Highliner Capital Management, LLC and, upon information and belief, in or about November 2007, Parekh announced plans to launch one or more investment funds and to offer investment fund management services under the name "Highliner Capital Management" through defendant Highliner. Defendants' plans have been publicized by various financial information services, including Bloomberg.

18.   Upon information and belief, Defendants have begun to manage an investment fund and have been attempting to secure investors for such a fund, and represent that they plan to have several billion dollars under management.

19.   Upon information and belief, the target customers for Defendants' investment fund include U.S. and non-U.S. individuals and institutional investors.   Defendants are currently offering investments in their fund and investment management services under the mark HIGHLINER to these classes of customers and others in interstate commerce.

20.   Upon information and belief, based on public sources, Highliner currently employs at least eight (8) investment professionals, including Parekh, who are offering investment management services under the name "Highliner."

21.   Defendants are currently maintaining an Internet web site at www.highlinercapital.com which displays the name "Highliner Capital Management LLC" above the text "Thank you for you're *[sic]* interest in Highliner Capital Management. Our website is currently under construction. Please visit us again."

22.   Upon information and belief, defendants were fully aware of Highline's trademark, when they adopted the HIGHLINER trade name and trademark, and did so in an effort to misappropriate and trade upon the goodwill associated with Highline's mark.

23.   Defendants' use of the trademark and trade name HIGHLINER is not licensed by, and is without the consent of, Highline.

24.   Upon information and belief, Defendants' investment management services offered or promoted under the HIGHLINER mark and trade name are offered and will continue to be offered through the same channels of trade, and to the same classes of investors, as the investment management services offered by Highline under the HIGHLINE registered mark.

**Likelihood of Confusion; Injury to Plaintiffs**

25. Defendants' use of the HIGHLINER mark and trade name, and the Internet domain name <highlinercapital.com>, for investment management services, which are confusingly similar to Highline's HIGHLINE mark and <highlinecap.com> Internet domain name, falsely indicates to consumers, to the trade and to businesses that serve the trade, such as prime brokers, research firms and other broker-dealers, that Defendants and/or their services are in some manner connected with, sponsored by, affiliated with, or related to Highline and its services and products.

26. Defendants' use of the HIGHLINER mark and trade name, and the Internet domain name <highlinercapital.com>, in connection with Defendants' investment management services allows, and will continue to allow, Defendants to receive the benefit of goodwill built up at great labor and expense by Highline and to gain interest, acceptance and recognition, including, but not limited to, initial interest, acceptance and recognition, for Defendants' services not based on the merits of those services and products, but on the reputation and goodwill of Highline's services and products.

27. The above-mentioned activities of Defendants are likely to cause confusion, or to cause mistake, or to deceive consumers, the trade, and businesses that serve the trade concerning the origin of Defendants' services and products. Such persons are likely to believe that Defendants' services and products come from Highline or are sponsored by, approved by, or associated with Highline.

28. Defendants' activities have caused actual confusion between Plaintiff's and Defendants' investment management services within the State of New York and the Southern District of New York.

[825150-1]

29.   In or about December 2007, after Highline learned of Defendants' activities, and actual confusion resulting from those activities, Highline contacted Parekh and requested that he cease any plans to use the mark HIGHLINER or any mark containing the element HIGHLINER in connection with investment management services.  On or about January 17, 2008, Defendants were notified in writing of the exclusive rights of Highline in and to the HIGHLINE mark for investment management services.  At that time, Highline demanded in writing that Defendants cease and desist from their unlawful activities as described above.    Despite these communications, and other communications with Defendants and their attorneys in an attempt to resolve the matter informally, Defendants have remained unwilling to cease their use of the HIGHLINER mark and trade name in connection with investment management services.

30.   Upon information and belief, in response to Highline's cease and desist letter and other communications, Highliner changed its trade name from Highliner Capital Management, LLC to Highliner Investment Group, LLC on or about January 22, 2008.  However, Highliner's change of only descriptive elements of its trade name will not alleviate, or materially lessen, the likelihood of confusion between the marks HIGHLINE and HIGHLINER for investment management services.

31.   The acts of Defendants complained of above have been conducted in commerce and have affected, and will continue to affect, Highline's business of offering investment management services and investment products in commerce.

32.   Defendants' activities described above constitute infringement of a registered trademark and false designation of origin in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

33.    Defendants are well aware of Highline's trademark rights and their deliberate decision to infringe those rights makes the infringement herein willful.

34.    Upon information and belief, the nature of the acts of Defendants complained of above, and the state of Defendants' knowledge of Highline's rights, make this an exceptional case under § 35 of the Lanham Act, 15 U.S.C. § 1117(a).

35.    By reason of the foregoing, Highline has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Highline has no adequate remedy at law.

36.    By reason of the foregoing, Highline has been injured in its business and is entitled to recover damages in an amount to be proved at trial, enhanced in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### False Designation of Origin

37.    Plaintiff repeats and realleges the foregoing Paragraphs 1 through 36 as if fully set forth herein.

38.    The acts of Defendants complained of above constitute false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39.    By reason of the foregoing, Highline has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Highline has no adequate remedy at law.

40.    By reason of the foregoing, Highline has been injured in its business and is entitled to recover damages in an amount to be proved at trial.

[825150-1]

## THIRD CLAIM FOR RELIEF

### Use of Deceptive Acts or Practices

41. Plaintiff repeats and realleges the foregoing Paragraphs 1 through 40 as if fully set forth herein.

42. The acts of Defendants complained of above constitute use of deceptive acts or practices in the conduct of business, trade or commerce or the furnishing of services in violation of New York General Business Law § 349.

43. By reason of the foregoing, Highline has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Highline has no adequate remedy at law.

44. By reason of the foregoing, Highline has been injured in its business and is entitled to recover damages in an amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF

### Common Law Trademark Infringement and Unfair Competition

45. Plaintiff repeats and realleges the foregoing Paragraphs 1 through 44 as if fully set forth herein.

46. The acts of Defendants complained of above have and will continue to unjustly enrich Defendants at Highline's expense by confusing potential investors, consultants and service providers concerning a relationship, including, but not limited to, sponsorship, approval, ownership or affiliation between Highline and Defendants.

47. The acts of Defendants complained of above constitute trademark infringement and unfair competition under the common law of the States of New York and Illinois.

[825150-1]

48.   By reason of the foregoing, Highline has suffered, and unless enjoined by this Court will continue to suffer, irreparable and immediate injury for which Highline has no adequate remedy at law.

49.   By reason of the foregoing, Highline has been injured in its business and is entitled to recover damages in an amount to be proved at trial.

## FIFTH CLAIM FOR RELIEF

### State Law Trademark Dilution and Injury to Business Reputation

50.   Plaintiff repeats and realleges the foregoing Paragraphs 1 through 49 as if fully set forth herein.

51.   Highline's HIGHLINE mark is distinctive or has acquired distinctiveness.

52.   Defendants' use of their HIGHLINER mark and trade name as alleged above is likely to cause dilution by blurring and/or tarnishment of Highline's mark.

53.   Defendants' use of their HIGHLINER mark and trade name as alleged above will cause Highline to lose control of the reputation of its name and mark in that consumers, the trade, and businesses that serve the trade are likely to associate with Highline the performance of Defendants' services or investment products, any legal or regulatory difficulties encountered by Defendants, or any other detrimental events or events likely to generate negative publicity that may befall Defendants.  Such events, which are outside Highline's control, are likely to injure Highline's business reputation.

54.   The acts of Defendants complained of constitute trademark dilution and damage to business reputation in violation of New York General Business Law § 260-*l*.

55.   By reason of the foregoing, Highline is likely to suffer, has suffered, and unless enjoined by this Court will continue to suffer, irreparable injury in the form of dilution of its

trademark and loss of control of its business reputation, for which Highline has no adequate remedy at law.

56.    By reason of the foregoing, Highline has been injured in its business and is entitled to recover damages in an amount to be proved at trial.

WHEREFORE, Plaintiff demands judgment:

(a)    Enjoining Defendants, Defendants' officers, agents, distributors, employees, attorneys, subsidiaries, assigns or related companies, and those in active concert or participation with Defendants, or any of them, who receive actual notice of the judgment by personal service or otherwise, from using or employing, directly or indirectly, the service mark, trademark or trade name HIGHLINER or any mark or trade name confusingly similar to HIGHLINE, or that contains the element HIGHLINE, in connection with the offering or sale of any investment management services or investment products in the nature of private investment funds or "hedge funds;"

(b)    Directing Defendants to file with this Court, within thirty (30) days after entry of any injunction in this case, a written statement, under oath, setting forth in detail the manner in which Defendants have complied with the injunction;

(c)    Directing Defendants to account to Plaintiff for the profits of its infringement;

(d)    Awarding Plaintiff its damages, in an amount to be proved at trial, resulting from the acts alleged herein, enhanced in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117, or other applicable law; and

(e)    Awarding Plaintiff reasonable attorneys' fees in accordance with § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

[825150-1]

together with such other and further relief as this Court deems just and proper and the costs and

disbursements of this action.

Dated: New York, New York
      February 28, 2008

                    TANNENBAUM HELPERN
                      SYRACUSE & HIRSCHTRITT, LLP

By: _____
                L. Donald Prutzman (LP 1327)
          900 Third Avenue
          New York, New York 10022
          (212) 508-6700
            Attorneys for Plaintiff

[825150-1]

# EXHIBIT A

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,502,179

## United States Patent and Trademark Office

Registered Oct. 30, 2001

## SERVICE MARK
### PRINCIPAL REGISTER

## HIGHLINE

HIGHLINE CAPITAL MANAGEMENT, LLC (DE-LAWARE LIMITED LIABILITY COMPANY)
1270 AVENUE OF THE AMERICAS
ROCKEFELLER CENTER
NEW YORK, NY 10020

  FOR: FINANCIAL SERVICES IN THE NATURE OF INVESTMENT FUND MANAGEMENT, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 7-31-1995; IN COMMERCE 7-31-1995.

SER. NO. 78-035,852, FILED 11-17-2000.

CHRISTOPHER LEADEN, EXAMINING ATTOR-NEY